IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : |  |
| : |  |
| v. : | Criminal Action No. 4:99-cr-27 (HL) |
| : |  |
| **TIMOTHY DESHAWN JONES,** : |  |
| : |  |
| Defendant. : |  |

_____

# **ORDER**

Timothy Deshawn Jones, Defendant in the above-captioned criminal proceeding, has filed a Motion for Production of Grand Jury Transcripts or, Alternatively for In Camera Inspection of Grand Jury Transcripts by this Court [Doc. 49]. The Motion is denied for the reasons that follow.

Jones was convicted following a jury trial in October of 1999. Jones' conviction was affirmed by the Eleventh Circuit in November of 2000, and his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was denied in March of 2002. The denial of Jones' § 2255 Motion was affirmed by the Eleventh Circuit in January of 2004.

Six years after his conviction became final, and more than two years after his post-conviction remedies have been finalized, Jones filed the Motion at issue here. In the Motion, Jones seeks release of the transcripts of the grand jury proceedings related to his indictment. Jones claims the transcripts are necessary to determine "whether the offense which the government proved at trial are [sic] in fact the offense charged by the grand jury and for the purpose of protecting defendant from a constructive amendment of the indictment through either

the stipulation of evidence produced at trial, or government response to defendant bill of particulers [sic]." (Mot. at 1.) Jones also intimates that the transcripts are needed as support for a motion to modify sentence that he intends to file in the near future.

As a general rule grand jury proceedings are kept secret and may only be disclosed under very limited circumstances. *See generally* United States v. Aisenberg, 358 F.3d 1327 (11th Cir. 2004). Federal Rule of Criminal Procedure 6(e)(3)(E), on which Jones relies, authorizes disclosure to a defendant only if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). As another district court noted when discussing Rule 6(e)(3)(E)(ii), "This provision is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004). As that Court noted, in order to obtain grand jury transcripts, a defendant must make a compelling showing. Id. at 616-17.

Even setting aside the fact that Rule 6(e)(3)(E)(ii), by its own terms, is likely inapplicable because Jones will not be able, seven years after conviction, to "dismiss the indictment," he still has not made the showing necessary to obtain the transcripts or in camera review of them. Nothing in the Motion persuades the Court that Jones has satisfied the demanding standards inherent in a request for disclosure of grand jury proceedings. Therefore, the Motion is denied.

**SO ORDERED**, this the 16th day of October, 2006.

               **s/   Hugh Lawson**
               **HUGH LAWSON, JUDGE**

mls