IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TIMOTHY DESHAWN JONES, | * | |
| | * | |
| Petitioner, | * | |
| | * | CASE NO. 4:09-CV-90049 -HL |
| vs. | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 4:99-CR-027 HL |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Jones filed a second and successive Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 10, 2009. (Doc. 74). The record of Jones' above referenced 1999 criminal proceedings in Case No. 4:99-CR-27 reveals that on October 14, 1999, Petitioner Jones was convicted by jury of violation of 21 U.S.C. §841(a)(1) and § 841(b)(1)(A)(iii), intentionally distributing Cocaine Base, also known as "crack" cocaine, in an amount greater than 50 grams. (Doc. 13). He was originally sentenced on January 13, 2000, to serve a term of 262 months imprisonment. (Doc. 17). The United States Court of Appeals for the Eleventh Circuit affirmed Jones' conviction and sentence on direct appeal, entering its decision as mandate on this court on November 8, 2000. (Doc. 24).

On November 23, 2001, Petitioner Jones timely filed his first Motion to Vacate, Set Aside, or Correct his sentence. (Doc. 29). Jones motion to vacate was denied by the District Court on March 29, 2002. (Doc. 40, 41). The United States Court of Appeals for the Eleventh Circuit affirmed the District Court's decision on Jones' § 2255 Motion on direct appeal on January 22, 2004. (Doc. 48).

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for crack cocaine offenses by two levels. Amendment 706, amended by 711, was made retroactive. U.S. Sentencing Guidelines Manual § 1B1.10(c) (2008). The District Court, on its own motion, on March 18, 2008, pursuant to 18 U.S.C.§ 3582(c)(2) and Sentencing Guideline Amendment 706, reduced Petitioner Jones' sentence to 240 months imprisonment, with all other provisions of the original judgment of January 13, 2000, remaining in effect. (Doc. 63).

Petitioner Jones, thereafter on December 4, 2008, filed his own motion for retroactive application of the crack cocaine sentencing guidelines under Amendment 706, pursuant to 18 U.S.C.§ 3582(c)(2). (Doc. 68). The court considered and reconsidered Jones' crack cocaine sentence and reduced it further on February 10, 2009, to 210 months imprisonment, stating again that, "[A]ll provisions of the judgment dated 01/13/2000 shall remain in effect." (Doc. 72). As stated first above, on April 10, 2009, Petitioner Jones filed his second Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255, (Doc. 74), which is successive and proscribed by 28 U.S.C.§ 2244, until authorized by the United States Court of Appeals for the Eleventh Circuit.

### Conclusions of Law

A § 3582(c)(2) motion to reduce sentence does not provide a basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005). *See United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir. 1997) (holding that "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full *de novo* resentencing"). All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. Accordingly, § 3582(c)(2) does not "grant to the court

jurisdiction to consider extraneous sentencing issues." *United States v. Bravo,* 203 F.3d 778, 781-82 (11th Cir. 2000).  The *Bravo* Court noted that a petitioner "must instead bring such a collateral attack on his sentence under 28 U.S.C.§ 2255." *Id.* at 782.  However, as noted above, Petitioner Jones has already filed one Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, paragraph (h) of which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)."  *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

A careful examination of Petitioner's § 2255 motion under consideration reveals that all three of the grounds for relief which he now proffers deal with his original conviction and sentencing and not any issue relating to his resentencing under 18 U.S.C.§ 3582(c)(2).  Therefore, he must seek authorization from the  United States Court of Appeals for the Eleventh Circuit  for this court to have jurisdiction to consider his motion.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Jones' Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be Dismissed Without Prejudice to permit

him to make application to the United States Court of Appeals for the Eleventh Circuit for authorization to proceed upon a second or successive petition. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of April 2009.

                                      **S/ G. MALLON FAIRCLOTH**
                                      **UNITED STATES MAGISTRATE JUDGE**